# ADMINISTRATORS OF JENNINGS *vs.* CHANDLER.

### APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard October 19, 1859.]                    [Decided December 14, 1859.

*Administrator, &c.—Partnership.*

Where a surviving partner has mixed the goods of the firm with his own, sold them together and kept no separate account of the sales, and used the proceeds for the support of himself and family, such conduct is an abuse of his trust; and the court will grant an injunction against him, appoint a receiver of the assets of the partnership, and direct an account.

If the survivor desires to retain possession of the partnership property, and continue the business, he may do so upon giving security to account for the assets of the firm, apply the proceeds to the payment of the firm debts, and pay over the surplus to the representatives of the deceased partner.

An administrator is entitled to inquire into the condition of a copartnership between the deceased and another, even though the firm is declared insolvent, in order to reduce the indebtedness as much as possible, and for that purpose may maintain an action against the survivor.

This was an action brought by the administrators of Rufus P. Jennings against Samuel Chandler, to compel an account of the partnership existing between Jennings and Chandler in Jenning's lifetime, in the dry goods business. The complaint averred that at the death of Chandler the stock of dry goods, &c., amounted to $16,000 or $20,000, and other property to from $10,000 to $20,000. That since the decease Chandler had continued to occupy the store and carried on business in his own name, by buying goods and mixing them up with the goods of Chandler and Jennings; selling the goods of the late firm indiscriminately with his own, mixing the proceeds, without keeping a separate account of each. That Chandler had pretended to take an inventory of the goods on hand, at New York prices, and they amounted to $14,934 45, and that he had charged himself with them at that price, and so claimed them as his own. That Chandler had been collecting the debts due the firm to the amount of $5,000 or more, and had not applied the money received to the payment of the debts of the firm, and which amounted to about $10,000; but he had used it to purchase new goods on his

Administrators of Jennings vs. Chandler.

own accouut, and about his individual business. That Chandler denied the right of the administrators to meddle with the property, as the firm was insolvent; but the complaint averred that this pretense was not true, but the property of the firm was of the value of at least $7,000 more than the debts owing by it; and on a fair settlement thereof there would be at least $4,500 coming to them as part of the estate of their decedent. That he refused to allow them to examine the books and papers relative to the estate, and asked for a receiver and injunction.

This complaint, accompanied by the affidavit of Stevens, one of the administrators, containing nearly the same statements, was presented to the circuit judge of Milwaukee county, who made an order that Chandler shew cause at the end of four days why the injunction should not issue and the receiver be appointed.

The defendant showed cause by his answer and several affidavits of his clerks and others, supporting the answer. The answer admitted the partnership and put in the articles of copartnership, and the death of Jennings; that the goods inventoried at $14,934 45, and other property at $10,630 66, but claimed that the items of bills receivable and book account, amounting to $6,150 49, were not of over 70 cents on the dollar in value. It admitted the occupancy of the store, but for the purpose of settling up the partnership affairs. It claimed that at the time of Jenning's death the firm was indebted $31,000, and the assets were not sufficient to pay the amount, and that he had purchased the new goods to enable himself to meet these claims, after he had taken the inventory, &c., and charged himself with the amount. That the partnership was insolvent. It denied the use of the moneys, &c., received about his individual business, beyond the ordinary and necessary expenses and support of himself and family, but insisted that he had conducted the business for the best interest of the firm, and that the appointment of the receiver would render the firm hopelessly insolvent.

Upon this answer coming in the circuit judge made the following order:

It is ordered by the court that the defendant may retain possession of the partnership property and effects mentioned in the complaint, on his giving good security to be approved by the court, in the form of a bond to the plaintiffs in the penal sum of ten thousand dollars, to be executed by the defend--

ant and one or more sureties, conditioned that said defendant shall well and truly account for the property and assets of the firm of Chandler & Jennings which came to his hands as surviving partner, and dispose of them according to law, and apply the proceeds, first, to the payment of the debts owing by said firm, and pay to said plaintiffs the surplus moneys and funds remaining after the payment of the debts of said firm, or such proportion of said surplus funds as said plaintiffs may be entitled to, and in case such bond shall be executed and and filed in this action within five days after the service of a copy of this order on said defendant, then said motion for an injunction and receiver will be denied, otherwise it will be granted.

And it is further ordered by the court, that it be referred to Robert N. Austin, one of the commissioners of this court, to take an account of the property and effects of the late firm of Chandler & Jennings, and that he state—1. The property belonging to said firm at the time of the decease of said Jennings, and the value thereof, both at cost and retail prices. 2. The amount of debts owing by said firm, and to whom, at the time of the decease of said Jennings. 3. The amount of property of said late firm now in the hands of said Chandler. 4. The debts paid by said Chandler since the death of said Jennings.

And it is further ordered that the parties to this action and any other persons, may be examined as witnesses in this action before said commissioner.

And it is further ordered that the plaintiffs shall at all times have access to the books of said late firm of Chandler & Jennings, and may have the right to take copies thereof, and that the defendant permit said plaintiffs so to do.

From this order the defendant appealed to this court.

*Butler, Buttrick & Cottrell,* for the appellant.

1. The original order served on the defendant, was to show cause " why an injunction should not issue and a receiver be appointed pursuant to the prayer of the plaintiffs' in their bill of complaint." The order appealed from, however, authorizes the court commissioner to take an account as fully as though a decree had been rendered upon a final hearing of the case. The court erred in making such order.

2. The plaintiffs were not entitled to the order for an injunction and a receiver upon *any conditions* upon the case submitted in the pleadings and affidavits. The same princi-

ple applies under the code that applied under the old chancery practice, that where the answer denies the whole equity of the bill, an injunction will be denied.

The plaintiffs allege, *on information and belief*, that on a fair settlement of the business of the firm, there will be coming out of the assets a surplus to the estate of the deceased. If this be true, then the administrators of Jennings have no right in court. They cannot, under any circumstances, have any interest in any of the assets of the firm, because they have no interest except in the surplus after the partnership debts are paid, the estate of Jennings being bankrupt.

Courts of equity however will not appoint a receiver of the partnership assets, on the application of one partner, against his co-partner, except in cases of the grossest abuse and the strongest misconduct on the part of the managing partner. The surviving partner has the exclusive right to the books, choses in action, and assets of the partnership, for the purpose of winding up the partnership affairs.

The answer shows that the defendant has made extraordinary efforts to pay off the partnership debts. The goods purchased by him were purchased for the benefit of the firm; the moneys derived therefrom were applied to the payment of its debts; and the defendant positively denies that he has diverted any of the partnership assets to his individual use.

*Downer & La Due,* for the respondents.

Chandler has kept no *separate account of the sales of the goods of the firm,* and cannot tell how much money he has received for those goods, or whether he sold them at a profit or loss. The business of the firm and the proceeds of the goods of the firm, are completely mixed with his individual business; and out of this business of the firm and his individual business, all mixed up together, he is paying debts, and *supporting himself and family, and clerks,* and without keeping any account of how much money he appropriates to himself for the *ordinary and necessary expenses* of himself and family. Whether these *ordinary* and necessary expenses are five thousand dollars a year or less, we are not informed. A mere statement of the case shows *gross abuse* of his authority and rights as surviving partner, and such abuse as warrants the appointment of a receiver. According to Chandler's own statement, it is utterly impossible to ascertain the amount of money he has received for the goods of the firm sold by him as surviving partner.

*By the Court*, COLE, J. We have come to the conclusion to affirm the order of the circuit court in this case. And we do so upon the ground, that the appellant does not deny in his answer, all the allegations of improper management of the partnership affairs, made in the complaint, with such fullness and particularity as show that there is no equity in the complaint. Indeed, there are circumstances and facts admitted in his answer, which go to show that there is danger of an abuse or misapplication of the partnership assets. We refer to the admission in the answer, that since the death of Jennings, he has purchased goods on his own account, and caused them to be placed in the store and sold in connection with the goods of the firm ; and it does not appear that any separate accounts are kept of the sales of his own property, and the property of the firm. In this confusion and mixing up of the affairs of the partnership, and of his own personal matters, we cannot see how a proper settlement of the partnership business can ever be arrived at, between him and the administrators. It will be impossible to determine what expenses and what profits are justly chargeable to the partnership, and what not. Although the appellant, as surviving partner, has the exclusive right to the books, choses in action, and assets of the partnership, for the purpose of closing up the affairs of the firm, he is not authorized either by general principles of law, or any stipulation in the articles of copartnership, to replenish the stock and continue the business in the confused manner he has done. Again, he says in his answer that no part of such proceeds of the business has been applied to his personal and individual liabilities, beyond the ordinary and necessary expenses of supporting himself and family. But certainly the partnership ought not to be charged with the support of him and his family. This is obvious. Some stress is laid upon the fact that the appellant denies, that upon a fair settlement of all the business of the firm and

the payment of the debts owing by it, that there will not be coming out of the assets of the firm, to the administrators of the estate, any sum whatever.

Admit that the partnership will prove to be insolvent on final settlement, yet it is manifest that the administrators have a direct interest in reducing the liabilities of the partnership as much as possible, since the estate they represent may be holden for any such liability, after the partnership means are exhausted. If the appellant wishes to retain possession of the partnership property and continue the business, he can do so by giving the security required in the order. Under the circumstances we do not think this an unreasonable or onerous condition. See *Hartz vs. Schrader*, 8 Ves., 317 ; *Burden vs. Burden*, 1 Ves. & B., 170 ; *Franklin et al. vs. Robinson*, 1 J. C. R., 157 ; *Bradford vs. Kimberly et al.*, 3 id., 431.

The order of the circuit court is therefore affirmed.